1  DAVID H. BARTICK
   LAW OFFICES OF DAVID H. BARTICK
2  *Certified Specialist, Criminal Law*
   California State Bar No. 126132
3  101 West Broadway, Suite 1950
   San Diego, California 92101-8220
4  Telephone: (619) 231-8900
   Facsimile: (619) 231-8075
5  Email: db@barticklaw.com

6  Attorney for Defendant
   Ahmad H. Hnaino
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                  (Honorable John A. Houston, Judge)

11  UNITED STATES OF AMERICA,           )   Criminal Case No. 08CR1012-JAH
                                         )
12           Plaintiff,                  )   Date: June 9, 2008
                                         )   Time: 11:00 a.m.
13      v.                               )
                                         )   NOTICE OF MOTIONS AND
14                                       )   MOTIONS
    AHMAD H. HNAINO,                     )   FOR:
15                                       )   (1)  DISCOVERY
                                         )   (2)  DISCLOSURE OF INFORMANT
16                                       )   (3)  ATTORNEY *VOIR DIRE*
             Defendant.                  )   (4)  LEAVE TO FILE ADDITIONAL
17                                       )        MOTIONS
    _____ )
18

19  TO:  KAREN P. HEWITT, United States Attorney, and to TIMOTHY F. SALEL, Assistant United
         States Attorney:
20

21      PLEASE TAKE NOTICE that on June 9, 2008, at the hour of 11:00 a.m., or as soon thereafter

22  as counsel may be heard, defendant AHMAD H. HNAINO, by and through his attorney DAVID H.

23  BARTICK, will respectfully move the Court for an order granting the following motions.

24  / / / / /

25  / / / / /

26  / / / / /

27  / / / / /

28  / / / / /

MOTION FOR DISCOVERY

Pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure, the *Jencks* Act (18 U.S.C. § 3500), *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the Fourth, Fifth, and Sixth Amendments to the Constitution of the United States, and the general supervisory powers of this Court, hereby moves the Court for an Order compelling the Government to disclose, or in the case of tangible evidence to produce for inspection and copying, all evidence and information in the possession, custody or control of the Government which may be favorable to the defendant, or material on the issue of guilt or innocence, or which could lead to material evidence, or evidence or information which could be useful in the examination of witnesses at trial; and for disclosure and inspection to include, but not limited to, the following:

1. All statements of the defendant, whether before or after indictment, whether recorded or unrecorded, oral or written, signed or unsigned, made to Government agents (including informants) and/or persons other than Government agents who are possible Government witnesses, which are relevant to the crimes charged, either with or without the defendant's knowledge that such persons were Government agents and/or possible Government witnesses at the time said statements were allegedly made.

2. The full and complete extent of any surveillance undertaken with regard to this case, including:

    (a) Any and all such surveillance records;

    (b) Any and all reports on such surveillance;

    (c) Any and all rough notes made with regard to such surveillance;

    (d) The names of the persons conducting or participating in the surveillance, as well as the date, time, place, and object of the surveillance.

3. All business records which the Government intends to introduce at trial, including but not limited to any bank statements or bank books connected to any defendant or co-conspirator or Government witness.

4. The prior criminal record, if any, of the defendant, and a statement as to whether or not the Government intends to use any of the prior criminal record at the trial of the instant case in either its

case-in-chief or for purposes of impeachment. Also, any prior similar acts or prior bad acts that the government intends to introduce into evidence.

5. The statements of all person the Government expects to call as witnesses at the trial of this cause. In particular, defendant requests any notes taken by any Government personnel of any interview conducted of said informants, or unindicted co-conspirators, so that defendant might have an opportunity to test the validity of their statements. If the statements were oral and given to any Government agent, defendant requests that they be committed to writing.

6. The statements of all persons having relevant information about this case, whether inculpatory or exculpatory, who the Government does not intend to call at the time of trial.

7. The name, address, and phone number of all persons the Government intends to call as witnesses at the trial in its case-in-chief. This procedure will facilitate the trial and avoid the request of a continuance at trial so that defense counsel can have an opportunity to investigate the background of the witnesses and prepare appropriate cross-examination.

8. The names of all person who have given relevant information to the Government about the instant case whom the Government does not intend to call as witnesses at the trial, including all statements, reports, and notes.

9. The conviction records of all witnesses the Government intends to call in this case-in-chief, or any other evidence which would impeach the credibility of persons whom the Government intends to call as witnesses.

10. The grand jury testimony of all participating witnesses in and percipient witnesses to the crimes herein charged against the defendant.

11. Copies of any and all search warrants (including affidavits) in support thereof and inventories listing articles seized when executing said warrants used by the Government to obtain any evidence in the instant case.

12. An inventory listing all items seized without a warrant, and the location of the seizure, detailing all items seized in the Government's investigation of the instant case.

13. Copies of any and all raw notes taken by Drug Enforcement Administration ("DEA") agents, Narcotic Task Force agents, United States Customs Officers/Border Patrol, and/or any other

1  law enforcement personnel, informant(s), or other Government witnesses, regarding observations,
2  negotiations, arrests, seizure of items, or interviews with defendant.

3      14. The results, including any and all written reports, of any and all laboratory tests conducted
4  by any agents of or on behalf of the Government concerning the examination of physical,
5  photographic, or written evidence connected with the investigation of this case including the identity
6  of all experts consulted for the purpose of examining any real evidence.

7      15. All books, papers, business records, photographs, logs, notes, tangible objects, and/or
8  documents which are in the possession, custody, or control of the Government, and which are material
9  to the preparation of the defendant's defense against the crimes charged, and/or intended for use by
10 the Government in its case-in-chief, and/or were obtained or belong to the defendant.

11     16. Copies of all documents, statements, and any other evidence including, but not limited to,
12 a written summary of all oral evidence and statements, now known to the prosecution or which may
13 become known or which through due diligence may be learned from the investigating agents or
14 witnesses in this case or persons interviewed in connection with the investigation, which is
15 exculpatory in nature or favorable to defendant or which may lead to material which is exculpatory
16 in nature or favorable to defendant, or which tends to negate or mitigate the guilt of defendant, as to
17 the offenses charged, or which would tend to reduce the punishment therefor.

## MOTION FOR DISCLOSURE OF INFORMANT

19     Defendant contends that he is entitled to disclosure of the informant(s), as it is the defendant's
20 belief that the confidential informants were material witnesses and active participants in the alleged
21 racketeering, drug conspiracy and money laundering operations.

## MOTION FOR ATTORNEY *VOIR DIRE*

23     Defendant also respectfully requests this Honorable Court share the burden and the privilege
24 of *voir dire* in this case will counsel at least to some minimal extent, if not to delegate it to trial
25 counsel in its entirety.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

27     As of the date of the writing of this motion, Defendant has received an initial set of discovery
28 from the Government. It is anticipated that additional discovery will be disseminated by the

1  Government. Defendant will seek leave of court to file further motions based upon any newly
2  disseminated discovery or other issues which arise subsequent to the filing of these motions.
3  These motions will be based on this Notice; the attached Memorandum of Points and
4  Authorities; other motions filed by other parties in this case; the records and files of the clerk of the
5  court; and, finally, on such other matter properly presented to the court at or before the hearing on
6  these motions.

8  Dated: May 19, 2008                    LAW OFFICES OF DAVID H. BARTICK

10                          */s/ David H. Bartick*
                            DAVID H. BARTICK
11                          Attorney for Defendant
                            Ahmad H. Hnaino