1   DAVID H. BARTICK
    LAW OFFICES OF DAVID H. BARTICK
2   *Certified Specialist, Criminal Law*
    California State Bar No. 126132
3   101 West Broadway, Suite 1950
    San Diego, California 92101-8220
4   Telephone: (619) 231-8900
    Facsimile: (619) 231-8075
5   Email: db@barticklaw.com

6   Attorney for Defendant
    Ahmad H. Hnaino

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10                   (Honorable John A. Houston, Judge)

11  UNITED STATES OF AMERICA,          )    Criminal Case No. 08CR1012-JAH
                                       )
12            Plaintiff,               )    Date:   June 9, 2008
                                       )    Time:   11:00 a.m.
13       v.                            )
                                       )    MEMORANDUM OF POINTS AND
14                                     )    AND AUTHORITIES IN SUPPORT
                                       )    OF MOTIONS AND MOTIONS FOR:
15  AHMAD H. HNAINO,                   )    (1)    DISCOVERY
                                       )    (2)    DISCLOSURE OF INFORMANT
16                                     )    (3)    ATTORNEY *VOIR DIRE*
                                       )    (4)    LEAVE TO FILE ADDITIONAL
17            Defendant.               )           MOTIONS
                                       )
18  _____)

19       Defendant AHMAD H. HNAINO, by and through his attorney DAVID H. BARTICK,

20  respectfully submits the following Memorandum of Points and Authorities in support of the above-

21  entitled motions.

22                         **STATEMENT OF FACTS**

23       This Statement of Facts is based upon discovery provided to date by the United States

24  Attorney's Office.  Defendant, Ahmad H. Hnaino expressly reserves the right to contradict, explain

25  or amplify any of the facts mentioned herein at trial.

26       The underlying indictment alleges that on or about February 29, 2008 at approximately 8:00

27  p.m., Mr. Hnaino delivered approximately 477 oxycodone tablets and 6,000 hydrocodone bitartrate

28  tablets to an informant at the Sears Essentials store located at 8730 Rio San Diego Drive, San Diego,

1    CA.

2        On March 6, 2008, a search warrant was served on Mr. Hnaino's residence, and he was

3    subsequently arrested and transported to the Metropolitan Correctional Center.

4                                    **POINTS AND AUTHORITIES**

5                                                **I**

6                                          **DISCOVERY**

7        To preserve his rights and guard against undue prejudice due to delay, defendant seeks an order

8    compelling discovery of the following material, and further seeks an order establishing a discovery

9    schedule in this case.  Defendant requests full discovery pursuant to Rule 16 of the Federal Rules of

10   Criminal Procedure,[1] *Brady v. Maryland*, 373 U.S. 83 (1963), the *Jencks* Act (18 U.S.C. § 3500), and

11   the Fifth and Sixth Amendments of the United States Constitution.  For the purposes of Rule 16

12   discovery and *Brady* the prosecutor "will be deemed to have knowledge of and access to anything in

13   the possession, custody or control of any federal agency participating in the same investigation of the

14   defendant."  *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989).  Defendant requests that

15   discovery be completed reasonably in advance of trial so that he can make use of the materials

16   provided in his defense.

17       This court has the authority to order the government to provide discovery by a certain date and

18   bar the use of any evidence not disclosed after that date.  This authority is expressly conferred under

19   Rule 16(d)(2) and has been upheld in a number of cases.  *See*, *e.g. Taylor v. Illinois*, 484 U.S. 400

20   (1988) (exclusion of surprise defense witness for discovery violation does not violate defendants

21   rights); *United States v. Aceves-Rosales*, 832 F.2d 1155 (9th Cir. 1987) (not abuse of discretion to bar

22   defense use of evidence discovered and subpoenaed the day before trial but not disclosed until after

23   government had rested in violation of Rule 16); *United States v. Burgess*, 791 F.2d 676 (9th Cir. 1986)

24   (government barred from making any use, including use for impeachment, of non-disclosed

25   inculpatory statement made to DEA agent).  The Court's authority to enforce such orders against the

26   government by excluding evidence is beyond dispute.  *United States v. Roybal*, 566 F.2d 1109, 1110-

27

28       [1]Unless otherwise indicated, all further rule references will be to the Federal Rules of Criminal
     Procedure.

                                                2                              08CR1012-JAH

11 (9th Cir. 1977); *see also United States v. Gatto*, 763 F.2d 1040, 1046-47 (9th Cir. 1985); *United States v. Schwartz*, 857 F.2d 655 (9th Cir. 1988). A discovery schedule is authorized by Rule 16(d)(2) and will serve to avoid delay, conserve scarce judicial resources, prevent surprise, and further the search for truth at trial. This Court should therefore impose a discovery schedule and bar the introduction of evidence not disclosed by that date. Defendant seeks discovery of the following:

A. Statements of the Defendant.

Pursuant to Rule 16(a)(1)(A), defendant requests full discovery concerning any statements made by him. The rule requires disclosure of any statement of the defendant's in the possession of the government in any form. It also requires disclosure of any portion of any report or other written record containing the substance of a statement by the defendant made to a known government agent, and the substance of any other statement made by the defendant to a known government agent which the government intends to use at trial for any purpose.

B. Request for Criminal Record, Prior Bad Acts, and Notice Under Rule 404(b) of the Federal Rules of Evidence.

Defendant requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or any prior similar acts or prior bad acts of defendant. The defendant's prior criminal record must be produced under Rule 16(a)(1)(B). Evidence of prior similar acts or prior bad acts is discoverable under Rule 16(a)(1)(C), and Rules 404(b) and 609 of the Federal Rules of Evidence. *See United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979) (en banc), *cert. denied*, 444 U.S. 1034 (1980). Pursuant to Federal Rule of Evidence 404(b), defendant specifically requests notice concerning any evidence the government plans to introduce against him under Rule 404(b) and any prior or subsequent act relating to a specific instance of conduct which the government will attempt to introduce under Federal Rule of Evidence 608(b).

C. Other Documents and Physical Evidence.

Pursuant to Rule 16(a)(1)(C), defendant requests full discovery of all physical and documentary evidence and objects, including but not limited to all books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to introduce as evidence in its

case-in-chief, or is material to the preparation of the defense, or was obtained from the defendant or which the government claims belong to the defendant.

D. Scientific Reports and Examination.

Pursuant to Rule 16(a)(1)(D), defendant requests full discovery of all scientific tests or experiments and results of physical or mental examinations which are material to the defense or are to be used as evidence by the government at trial. The government must also give the defense adequate notice of the use of the scientific tests or expert witnesses in order that the defense has "adequate time to obtain an expert to assist him in attacking the findings of the government's . . . expert." *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983).

E. Witness Discovery.

Defendant requests disclosure of any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir.), *cert*. *denied*, 474 U.S. 945 (1985). Defendant also requests the criminal records of government witnesses in order to explore the issue of bias. *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert*. *denied*, 489 U.S. 1032 (1989); *United States v. Alvarez-Lopez*, 559 F.2d 1155, 1157 (9th Cir. 1977).

Defendant further requests that the government review for impeachment material the personnel files of any agents it intends to produce as witnesses. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). *Henthorn* requires that all material information should be disclosed, and any information which is arguably material should be submitted to the Court for *in camera* examination. *Id*. at 30-32.

Defendant requests disclosure of any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980); *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978).

F. Preservation of *Jencks* Act Material.

Defendant requests that the government preserve all rough notes and other materials arguably subject to production under Title 18, United States Code, Section 3500 (the "*Jencks* Act") or under

1  Rules 12(I) or 26.2.  The government is placed on notice that all such materials will be requested by

2  the defense concerning any government witness called to testify at trial, and all law enforcement

3  witnesses who testify, regardless of by whom called, at all pretrial proceedings.

4          The government is also placed on notice that the defense will seek *in camera* review of all such

5  materials which the government claims are not subject to production, and that such material must be

6  preserved.  *See United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976).  Recognizing that such

7  materials, with the exclusion of materials producible under *Brady v. Maryland*, 373 U.S. 83 (1963),

8  are not subject to production until the close of the witness's testimony, the defense nonetheless asks

9  that such material be disclosed reasonably in advance of the relevant hearing so as not to unduly delay

10  the proceedings.

11          G.  Disclosure Concerning Informants and Percipient Witnesses.

12          Defendant requests discovery concerning all informants who were percipient witnesses to any

13  of the counts alleged against him, or who otherwise participated in the illegal conduct alleged against

14  the defendant, and disclosure of each informant's identity and location, as well as disclosure of the

15  existence of any other percipient witnesses unknown or unknowable to the defense.  *See Roviaro v.*

16  *United States*, 353 U.S. 52, 61-62 (1957); *United States v. Ordonez*, 737 F.2d 793, 808 (9th Cir. 1984).

17  The identity and whereabouts of all informants should be disclosed so that defendant has the

18  opportunity to investigate the credibility and background of the informant prior to trial and to possibly

19  call the informant as a witness at trial.  Furthermore, defendant specifically requests that the

20  government produce the confidential informants.  The government has an obligation to accomplish this

21  or show that despite reasonable efforts, it was not able to do so."  *United States v. Hart*, 546 F.2d 798,

22  799 (9th Cir. 1976) (en banc).

23          Furthermore, any information derived from informants that exculpates or tends to exculpate

24  the defendant, or furnishes sentencing mitigation must also be disclosed.  In addition, the government

25  must also disclose any information indicating bias on the part of an informant, generally known as

26  *Giglio* material, *see Giglio v. United States*, 405 U.S. 150 (1972), and the line of cases concerning

27  discovery of material bearing on informant credibility.  Such information would include what, if any,

28  inducements, favors, or payments were made to informants to obtain his or her cooperation with the

1    government.

2    　　　　H.  Other Exculpatory Evidence.

3    　　　　Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the defendant moves that

4    the Court order the government to immediately disclose all evidence in its possession favorable to him

5    on the issue of guilt or to punishment.  The defendant requests the Court order the government to make

6    a diligent effort to ascertain what evidence it has or might reasonably discover which would create a

7    reasonable doubt as to the defendant's guilt in the mind of the trier of fact, and to surrender any such

8    evidence to the defendant immediately upon its discovery.  *Hilliard v. Spalding*, 719 F.2d 1443 (9th

9    Cir. 1983) (government suppression of possible exculpatory evidence denied defendant due process;

10   no showing of prejudice required); *United States v. Gardner*, 605 F.2d 1076 (9th Cir. 1980).

11   　　　　This request includes the statements of any third persons, whether a government agent, witness,

12   or otherwise, which tends to exculpate the defendant from the charges contained in the indictment.

13   　　　　　　　　　　　　　　　　　　　**II**

14   　　　　　　　　　　　**DISCLOSURE OF INFORMANTS**

15   　　　　THE GOVERNMENT MUST DISCLOSE THE IDENTITY AND
     　　　　WHEREABOUTS OF THE CONFIDENTIAL INFORMANTS AND
16   　　　　PROVIDE THE DEFENSE WITH PRETRIAL ACCESS TO ANY
     　　　　SUCH INFORMANTS.

17

18   　　　　In *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme

19   Court held that a confidential informant's identity must be disclosed when the informant's identity or

20   the contents of the informant's communication is relevant and helpful to the accused's defense, or is

21   essential to the fair determination of the cause.  *Id*. at 60-61.  In *Roviaro* the Court noted that the

22   privilege to withhold from disclosure the identity of informants is the Government's privilege rather

23   than the informant's privilege.  *Id*. at 59.  The purpose of the privilege is to further and protect the

24   public interest in effective law enforcement by encouraging citizens to tell law enforcement officials

25   about crimes and by preserving anonymity.  *Id*.  However, the scope of the privilege is limited by its

26   underlying purpose.  *Id*. at 60.  One limitation arises from the fundamental requirements of fairness.

27   As stated by the Court:

28   　　　　　　　Where the disclosure of an informant's identity, or of the contents of his
     　　　　　　　communication, is relevant and helpful to the defense of an accused, or

08CR1012-JAH

1    is essential to a fair determination of a cause, the privilege must give
2    way.  In these situations the trial court may require disclosure and, if the
     Government withholds the information, dismiss the action.

3  353 U.S. at 60-61 (footnote omitted).

4        The Court in *Roviaro* believed, however, that there can be no fixed rule with respect to

5  disclosure of an informant.  *Id*. at 62.  Rather, the court must balance the public interest in protecting

6  the flow of information against the defendant's right to prepare his defense.  *Id*.  The court should

7  consider the particular circumstances of each case, taking into consideration the crime charged, the

8  possible defenses, the possible significance of the informer's testimony, and other relevant factors.  Id.

9        In *Roviaro* the Court noted that the informer for the government was the sole participant, other

10  than the defendant, in the herein transaction charged.  *Id*. at 64.  The informer was the only witness who

11  was in a position to amplify or contradict the testimony of government witnesses.  *Id*.  The Court thus

12  concluded that the trial court committed prejudicial error in permitting the government to withhold the

13  identity of the informer despite repeated demands by the defendant for his disclosure.  *Id*. at 65.

14        The Ninth Circuit has interpreted the "relevant and helpful" language of *Roviaro* as requiring

15  disclosure of the identity of an informant when the informant was a percipient witness.  In *United States*

16  *v. Cervantes*, 542 F.2d 773, 775 (9th Cir. 1976) (en banc), the court stated:

17        The Government acknowledges that the informant was a percipient
       witness to the transaction.  It therefore supplied Cervantes with the
18       informant's identity.  *See Roviaro v. United States* . . . .

19        In *United States v. Hernandez*, 608 F.2d 741 (9th Cir. 1979) the court also recognized that the

20  informer percipient witness, a man named Smith, must be disclosed.  The court stated:

21        In light of Smith's role in the narcotic transaction with which the
       appellants were charged, it cannot be said that disclosure of Smith's
22       identity would not have been "relevant and helpful" to the appellants'
       defense. . .  Because Smith was a participant in the events that were
23       critical to the prosecution's case, no claim could be raised under
       *Roviaro*, nor was it raised, that Smith's identity could be lawfully
24       withheld from the appellants.

25        *Id*. at 744-745.  See also *United States v. Bonilla*, 615 F.2d 1662, 1264 (9th Cir. 1980)

26  (defendant entitled to learn the informant's identity because the informant was a percipient witness to

27  the criminal transaction underlying his conviction).

28        When an informant's testimony is essential to a fair determination of a cause, the government

may be required to disclose the informant's identity and address. *United States v. Roberts*, 388 F.2d 646, 6480649 (2nd Cir. 1968). Thus, for example, the court has discretion to compel disclosure of an informant's identity even when use of the informant goes only to probable cause. *See United States v. Anderson*, 509 F.2d 724, 729 (9th Cir. 1974).

In the present case, it is apparent that there were one or more informants who provided information to the United States Government. At the writing of this motion, the Defense has been provided with a very minute amount of discovery, when contrasted with the voluminous discovery that will eventually be disseminated in this case. It is therefore respectfully respected that the undersigned be given leave of court to further develop this argument once discovery is provided to the Defense.

### III

#### COUNSEL SHOULD BE ALLOWED TO PARTICIPATE IN THE JURY *VOIR DIRE* WITH THE COURT

Pursuant to Rule 24(a), Federal Rules of Criminal Procedure; and in accordance with the language and sentiments of *United States v. Ible*, 630 F.2d 389 (5th Cir. 1988); *United States v. Ledee*, 549 F.2d 990 (5th Cir. 1977); and *United States v. Mutchler*, 559 F.2d 955 (5th Cit. 1977), defendant's motion permitting attorney *voir dire* in the case should be granted, whether in whole or in part.

An important function of *voir dire* examination is to elicit information which could serve as the bases of challenges for cause. Second, the process facilitates more intelligent use of peremptory challenges. Third, the *voir dire* permits introduction to potential jurors not only the parties and counsel, but the general principles of case as well; as such, it has traditionally been viewed as the time to establish rapport. LaFave, *Criminal Procedure* (1985 ed.) §21.3, at 840.

### IV

#### DEFENDANT SHOULD BE GRANTED LEAVE TO FILE ADDITIONAL MOTIONS

As of the filing of this motion, the Defense has been provided with approximately fifty pages of discovery from the Government. The production of additional discovery will demonstrate the need for filing other motions. Accordingly, premised upon the dissemination of additional discovery, it is requested that the defendant be given an opportunity to file appropriate motions at a later date.

1

## CONCLUSION

2          For all of the foregoing reasons Ahmad H. Hnaino, by and through his attorney DAVID H.

3   BARTICK, respectfully requests that the above-entitled motions be granted.

4

5   Dated: May 19, 2008                          LAW OFFICES OF DAVID H. BARTICK

6

7                                                */s/ David H. Bartick*
                                                 DAVID H. BARTICK
8                                                Attorney for Defendant
                                                 Ahmad H. Hnaino
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08CR1012-JAH