AO 245B (CASD) (Rev. 8/11)   Judgment in a Criminal Case
Sheet 1

FILED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

12 MAR -8  PM 2: 56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| Ahmad H. Hnaino -1 | Case Number: 08-cr-01012-JAH-1 |

BY _____ DEPUTY

David H. Bartick
Defendant's Attorney

**REGISTRATION NO.** 07465298

☐

THE DEFENDANT:

☒ pleaded guilty to count(s) One and two of the Information.

☐ was found guilty on count(s)_____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 841(a)(1) | Distribution of Oxycodone (a Schedule II Controlled Substance) | 1 |
| 21 USC 841(a)(1) | Distribution of Hydrocodone Bitartrate (a Schedule III Controlled Substance) | 2 |

The defendant is sentenced as provided in pages 2 through _____3_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00 as to each count.

☒ Fine waived          ☐ Forfeiture pursuant to order filed _____1/6/09_____ , included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

March 5, 2012
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

08-cr-01012-JAH-1

AO 245B (CASD)  (Rev. 8/11)   Judgment in a Criminal Case
    Sheet 2 -- Probation

Judgment—Page    2    of    3

DEFENDANT: Ahmad H. Hnaino -1                                              ☩
CASE NUMBER: 08-cr-01012-JAH-1

# PROBATION

The defendant is hereby sentenced to probation for a term of :

Ct 1: Four years
Ct 2: Four years, concurrent to count 1.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than  4  drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

   future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis
   Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed
   by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or
   was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

   The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

08-cr-01012-JAH-1

AO 245B (CASD) (Rev. 8/11) Judgment in a Criminal Case
Sheet 3 — Special Conditions

Judgment—Page ___3___ of ___3___

DEFENDANT: Ahmad H. Hnaino -1
CASE NUMBER: **08-cr-01012-JAH-1**

# SPECIAL CONDITIONS OF SUPERVISION

[X] Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

[ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with   24   hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

[ ] Not transport, harbor, or assist undocumented aliens.

[ ] Not associate with undocumented aliens or alien smugglers.

[ ] Not reenter the United States illegally.

[ ] Not enter the Republic of Mexico without written permission of the Court or probation officer.

[ ] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[X] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[X] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[ ] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within          days.

[ ] Complete          hours of community service in a program approved by the probation officer within

[ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

[X] Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[X] Comply with the conditions of the Home Confinement Program for a period of  12  months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10      UNITED STATES OF AMERICA,        )   Case No. 08cr1012-JAH
                                         )
11                          Plaintiff,   )   AMENDED ORDER OF
                                         )   CRIMINAL FORFEITURE
12         v.                            )
                                         )
13      AHMAD H. HNAINO,                 )
                                         )
14                          Defendant.   )
                                         )
                                         )
15

16          On September 2, 2008, this Court entered its Preliminary Order of Criminal Forfeiture,

17      which condemned and forfeited to the United States all right, title and interest of AHMAD H.

18      HNAINO in the property listed in the plea agreement, namely,

19                          **$27,500.00 in United States Currency.**

20          For thirty (30) consecutive days ending on October 26, 2008, the United States published

21      on the Government's forfeiture website, www.forfeiture.gov, notice of the Court's Order and the

22      United States' intent to dispose of the property in such manner as the Attorney General may direct,

23      pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or

24      Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right

25      to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the

26      validity of their alleged legal interest in the property.

27          There were no potential third parties known to the United States to have alleged an interest

28      in the forfeited property; therefore, no one was provided with direct notice of the forfeiture.

1    Thirty (30) days have passed following the final date of notice by publication, and no third

2    party has made a claim to or declared any interest in the forfeited property described above.

3    Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result

4    of the failure of any third party to come forward or file a petition for relief from forfeiture as

5    provided by law, all right, title and interest of AHMAD H. HNAINO and any and all third parties

6    in the following property are hereby condemned, forfeited and vested in the United States of

7    America:

8    **$27,500.00 in United States Currency.**

9    IT IS FURTHER ORDERED that costs incurred by the United States Marshals Service,

10   the Drug Enforcement Administration and any other governmental agencies which were incident

11   to the seizure, custody and storage of the property be the first charge against the forfeited property.

12   IT IS FURTHER ORDERED that the United States Marshals Service shall dispose of the

13   forfeited property according to law.

14

15

16   DATED:  January 5, 2009

17

18   JOHN A. HOUSTON
     United States District Judge

19

20

21

22

23

24

25

26

27

28